IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELINDA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-695-GMS |
| ) | |
| NEW CASTLE COUNTY VOCATIONAL ) | |
| TECHNICAL SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8, Defendant hereby states its answer, general and specific denials, defenses and affirmative defenses to Plaintiff's Complaint.

### First Defense

Admitted that Defendant is a public school district operating under and pursuant to the laws of the State of Delaware. Admitted that Plaintiff's Complaint in this action alleges employment-related gender discrimination, sexual harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and that jurisdiction and venue over Plaintiff's claims is proper in this District. Admitted that Plaintiff filed charges of discrimination with the Delaware Department of Labor, that the DDOL issued the determination attached as Exhibit A to Plaintiff's complaint and that she received the Right to Sue letter attached as Exhibit B to the Complaint. It is denied that there is any factual or legal merit to Plaintiff's allegations.

Admitted upon information and belief that Plaintiff is a resident of New Castle County Delaware. Admitted that she was employed with Defendant from approximately September 16, 2002 through June 30, 2005 as an instructional aide in the aviation

program and subsequently in the carpentry program. Admitted that on or about June 30, 2005 Plaintiff was informed that her employment would not be renewed and that at the time of her non-renewal Plaintiff was employed in the carpentry program. By way of further answer, Plaintiff was reassigned to the carpentry program on or about April 11, 2005.

It is admitted that Defendant employs Serwinski as an instructor in the position of teaching the aviation program; that he is a member of the Delaware National Guard; that he was called to active duty at various times and returned to employment with Defendant upon completion of active duty. Admitted that when Serwinski was called to active duty, Plaintiff took instructional responsibility for the aviation program and was paid as a long term substitute in that capacity. Serwinski resumed responsibility for the aviation program on or about March 1, 2004 when he returned from active duty. By way of further answer, Serwinski expressed concerns with the direction of the aviation program and Plaintiff's performance.

Admitted that Eric Wells ("Wells") is employed by Defendant as an Assistant Principal; that Wells responded to and investigated various allegations plaintiff raised; that meetings were held, inter alia, on September 23, 2004, September 28, 2004, December 13, 2004, and on February 13, 2005. By way of further answer, Plaintiff was fully aware of Defendant's policy on harassment and was personally given a copy of such policy. At no time did Plaintiff file a complaint concerning alleged sexual harassment, gender bias, or retaliation pursuant to the Defendant's policy.

It is admitted that Larry Monaghan ("Monaghan") was principal of Del Castle High School. By way of further answer, Monaghan is now retired. It is admitted that

LeeRoy DeShazor ("DeShazor") is employed by Defendant as a Personnel Director and that he met with Plaintiff.

Defendant denies each and every other allegation of the complaint and will demand strict proof thereof. Defendant further denies that it committed any wrongful act and that any legal, equitable, or other relief of any kind is due Plaintiff.

### Second Defense

Plaintiff's claims fail to state a claim upon which relief can be granted.

### Third Defense

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

### Fourth Defense

Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

### Sixth Defense

Plaintiff has waived or is estopped from asserting her claims.

### Seventh Defense

Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

### Seventh Defense

Plaintiff's claims are barred in whole or in part because Defendant had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Barry M. Willoughby*
Barry M. Willoughby (I.D. No. 1016)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
E-mail: bwilloughby@ycst.com
Attorneys for Defendant, New Castle County Vocational Technical School District

Date: January 15, 2007