IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELINDA WILLIAMS, | : |
| | : |
| Plaintiff, | : Civil Action No.: 06-695 (GMS) |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| NEW CASTLE COUNTY | : |
| VOCATIONAL TECHNICAL | : |
| SCHOOL DISTRICT, | : |
| | : |
| Defendant. | : |

## JOINT STATUS REPORT

Pursuant to the Notice of Scheduling Conference dated March 7, 2007, the parties submit the following Joint Status Report in anticipation of the telephonic Rule 16.2b Scheduling Conference to be held on **March 16, 2007, at 2:00 p.m.**

1. **Jurisdiction and Service**.

**By Plaintiff.** The Court has subject matter jurisdiction, all parties are subject to the Court's jurisdiction and no party remains to be served.

**By Defendant.** Defendant concurs with Plaintiff's statement.

2. **Substance of the Action**.

**By Plaintiff:**

Plaintiff contends that, in violation of Title VII of the Civil Rights Act of 1964, as Amended, U.S.C. § 2000e et seq., she has been discriminated against based on her sex (female). Plaintiff argues that the Defendant knowingly subjected her to a hostile work environment on the basis of her gender, wherein a male co-worker (1) berated and degraded Plaintiff in public; (2) threatened to physically harm Plaintiff; and (3) made sexually explicit remarks about women in front of Plaintiff and the students.

Plaintiff also contends that Defendant intentionally and maliciously discriminated against Plaintiff in retaliation for her complaints of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(2)(a) when it (1) denied Plaintiff promotions and transfer requests despite her qualifications; (2) forced her to work in a hostile work environment; (3) permanently removed Plaintiff from her job duties in the aviation shop and (4) wrongfully terminated Plaintiff's employment. Defendant acted with discriminatory motive and the reasons provided by Defendant for failing to promote and/or transfer Plaintiff and to terminate her employment were pretextual.

**By Defendant:**

Defendant denies Plaintiff's allegations in their entirety and preserves of the defenses set forth in its Answer. Plaintiff was reassigned from the aviation department to the carpentry program and non-renewed for legitimate non-discriminatory reasons.

    3.    **Identification of Issues.**

**By Plaintiff:**

1. Whether Defendant treated Plaintiff differently from her similarly-situated male co-workers by denying Plaintiff promotional/transfer opportunities?

2. Whether Defendant knowingly subjected Plaintiff to a hostile work environment on the basis of her gender?

3. Whether the practices of the Defendant had the effect of depriving Plaintiff of equal employment opportunities and otherwise adversely affecting her employment because of her gender?

4. Whether Defendant removed Plaintiff from her duties in the aviation shop in an effort to retaliate against Plaintiff?

5. Whether Defendant's termination of Plaintiff was in retaliation for her complaints of discrimination?

6. Whether the practices of Defendant caused Plaintiff to experience conscious pain and suffering or other emotional harm?

**By Defendant:**

1. Was Plaintiff reassigned from the aviation program to the carpentry Program for legitimate, non-discriminatory reasons?

2. Was Plaintiff non-renewed from her employment with Defendant for legitimate non-discriminatory reasons?

3. Is Plaintiff's claim barred by her failure or refusal to take advantage of Defendant's internal policy prohibiting harassment or retaliation?

4. Was Plaintiff the most qualified employee for the position of instructor in the aviation program?

5. What damages, if any, did Plaintiff suffer?

6. Whether there is a causal connection between any of the alleged adverse employment actions Plaintiff's claims to have suffered and her allegations of gender bias and/or retaliation?

7. Whether Plaintiff can meet her burden of proving that Defendant's legitimate non-discriminatory reasons for her transfer or non-renewal were a pretext for unlawful discrimination or retaliation?

4. **Relief.**

Plaintiff is seeking a judgment in Plaintiff's favor ordering Defendant to provide appropriate back-pay with pre-and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices. Also, Plaintiff is seeking a judgment in Plaintiff's favor ordering Defendant to provide compensation for non-pecuniary losses, including, but not limited to, pain and suffering, and humiliation, in the amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices and compensation for past and future pecuniary losses, in amounts to be determined at trial. Finally, Plaintiff is seeking a judgment in Plaintiff's favor ordering Defendant to pay punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial, as well as the costs of reasonable attorneys' fees and expenses and the costs of this litigation.

5. **Amendment of Pleadings**. None anticipated at this time.

6. **Joinder of Parties**. None anticipated at this time.

7. **Discovery**. The parties agreed to exchange initial disclosures by **April 12, 2007**. The parties anticipate that they will need **6 months** for discovery in this action and seek a discovery deadline of **6 months** from the date of the scheduling order. Discovery may include:

 (a) Requests for Admissions;

 (b) Requests for the Production of Documents;

 (c) Depositions, however, each side is limited to ten (10) depositions;

 (d) Interrogatories, however, each side is limited to fifty (50) interrogatories.

8. **Estimated trial length**. Trial should take no longer than four (4) days. The parties will endeavor to reduce the length of trial by entering into stipulations.

9. **Jury trial**. A jury trial has been demanded.

10. **Settlement**. There have been no settlement discussions to date.

11. **Other matters**. None.

12. Counsel for the parties have conferred about each of the above matters.

| MARGOLIS EDELSTEIN | YOUNG CONAWAY STARGATT & TAYLOR, P.A. |
|---|---|
| By: /s/ Lori A. Brewington<br>Jeffrey K. Martin, Esquire (#2407)<br>Lori A. Brewington, Esquire (#4522)<br>1509 Gilpin Avenue<br>Wilmington, DE 19806<br>(302) 777-4680<br>jmartin@margolisedelstein.com<br>lbrewington@margolisedelstein.com<br>*Attorneys for Plaintiff* | By: /s/ Barry M. Willoughby<br>Barry M. Willoughby, Esquire (#1016)<br>Seth Reidenberg, Esquire (#3657)<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>bwilloughby@ycst.com<br>*Attorneys for Defendant* |

Dated: March 12, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BELINDA WILLIAMS**, | : |
| | : |
| Plaintiff, | : Civil Action No.: |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| **NEW CASTLE COUNTY** | : |
| **VOCATIONAL TECHNICAL** | : |
| **SCHOOL DISTRICT**, | : |
| | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I, Lori A. Brewington, do hereby certify that on March 12, 2007, I served via electronic mail using CM/ECF the Joint Status Report to the following attorney-of-record below:

Barry Willoughby, Esquire
Young Conway Stargett & Taylor, LLP
The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE 19899

MARGOLIS EDELSTEIN

*/s/ Lori A. Brewington*
Lori A. Brewington, Esquire (DE #4522)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680 – phone
(302) 77704682 – fax
lbrewington@margolisedelstein.com